501 F.2d 1013
 8 Fair Empl.Prac.Cas. 654, 8 Empl. Prac. Dec.
P 9638,
8 Empl. Prac. Dec. P 9725
Dorothy FRANKLIN, Plaintiff-Appellant,
v.
TROXEL MANUFACTURING COMPANY, Defendant-Appellee.
 No. 73-2055.
 United States Court of Appeals, Sixth Circuit.
 Argued April 5, 1974.
Decided Aug. 28, 1974.
 
 William E. Caldwell, Memphis, Tenn., for plaintiff-appellant; Louis R. Lucas, Elijah Noel, Jr., Ratner, Sugarmon & Lucas, Memphis, Tenn., Jack Greenberg, Johnny J. Butler, New York City, on briefs.
 Alexander W. Wellford, Jr., Memphis, Tenn., for defendant-appellee; Fraser Humphreys, Memphis, Tenn., on briefs.
 Before WEICK, EDWARDS and MILLER, Circuit Judges.
 EDWARDS, Circuit Judge.
 After a trial beginning March 9, 1972, the District Court for the Western District of Tennessee, Western Division, dismissed this case involving a complaint under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000e et seq. (1970), against alleged racial discrimination in employment. We imply no criticism of the conduct of the trial (nor necessarily of the District Judge's decision therein) as we remand this case for reconsideration in the light of McDonnell Douglas Corp. v. Green, 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973). In May of 1973, (more than a year after the trial and decision of our instant case) Justice Powell, for a unanimous United States Supreme Court, laid down a new and Historic three-step procedure for the determination of racial employment discrimination cases under Title VII.
 Step I. Justice Powell held that initially the complainant was required to carry the burden of proving a prima facie case:
 
 
 1
 'The complainant in a Title VII trial must carry the initial burden under the statute of establishing a prima facie case of racial discrimination. This may be done by showing (i) that he belongs to a racial minority; (ii) that he applied and was qualified for a job for which the employer was seeking applicants; (iii) that, despite his qualifications, he was rejected; and (iv) that, after his rejection, the position remained open and the employer continued to seek applicants from persons of complainant's qualifications.[13] McDonnell Douglas Corp. v. '13. The facts necessarily will vary in Title VII cases, and the specification above of the prima facie proof required from complainant in this case is not necessarily applicable in every respect to differing factual situations.' Green, 411 U.S. 792, 802, 93 S.Ct. 1817, 1824, 36 L.Ed.2d 668 (1973).
 
 
 2
 Step II. He then recognized that the burden shifted to the defendant 'to articulate some legitimate, nondiscriminatory reason' for refusal to hire:
 
 
 3
 'The burden then must shift to the employer to articulate some legitimate, nondiscriminatory reason for the respondent's rejection. We need not attempt in the instant case to detail every matter which fairly could be recognized as a reasonable basis for a refusal to hire. Here petitioner has assigned respondent's participation in unlawful conduct against it as the cause for his rejection. We think that this suffices to discharge petitioner's burden of proof at this stage and to meet respondent's prima facie case of discrimination.
 
 
 4
 'The court of Appeals intimated, however, that petitioner's stated reason for refusing to rehire respondent was a 'subjective' rather than objective criterion which 'carr(ies) little weight in rebutting charges of discrimination,' (8 Cir.), 463 F.2d (337,) at 352. Regardless of whether this was the intended import of the opinion, we think the court below seriously underestimated the rebuttal weight to which petitioner's reasons were entitled. Respondent admittedly had taken part in a carefully planned 'stall-in,' designed to tie up access and egress to petitioner's plant at a peak traffic hour. Nothing in Title VII compels an employer to absolve and rehire one who has engaged in such deliberate, unlawful activity against it.' Id. at 802-803, 93 S.Ct. at 1825.
 
 
 5
 Step III. The Court then recognized that even an otherwise valid reason might be used as a pretext and remanded for claimant to have the opportunity to prove such facts:
 
 
 6
 'Petitioner's reason for rejection thus suffices to meet the prima facie case, but the inquiry must not end here. While Title VII does not, without more, compel rehiring of respondent, neither does it permit petitioner to use respondent's conduct as a pretext for the sort of discrimination prohibited by 703(a)(1). On remand, respondent must, as the Court of Appeals recognized, be afforded a fair opportunity to show that petitioner's stated reason for respondent's rejection was in fact pretextual. Especially relevant to such a showing would be evidence that white employees involved in acts against petitioner of comparable seriousness to the 'stall-in' were nevertheless retained or rehired. Petitioner may justifiably refuse to rehire one who was engaged in unlawful, disruptive acts against it, but only if this criterion is applied alike to members of all races.
 
 
 7
 'Other evidence that may be relevant to any showing of pretextuality includes facts as to the petitioner's treatment of respondent during his prior term of employment, petitioner's reaction, if any, to respondent's legitimate civil rights activities, and petitioner's general policy and practice with respect to minority employment. On the latter point, statistics as to petitioner's employment policy and practice may be helpful to a determination of whether petitioner's refusal to rehire respondent in this case conformed to a general pattern of discrimination against blacks.' Id. at 804-805, 93 S.Ct. at 1825.
 
 
 8
 Our instant case has a background much more deeply rooted in historic race discrimination than the McDonnell Douglas case. It also involves a plaintiff who (whether or not she is ultimately held to have been refused a job for racially discriminatory reasons) is obviously far less vulnerable than was claimant Green in the McDonnell Douglas case.
 
 
 9
 This case originated in Fayette County, Tennessee. This county has produced much civil rights litigation. Sixty-five per cent of its population is black and it has been dominated by the 35% Minority until very recently. This court has much prior experience with civil rights cases from Fayette County. See e.g., McFerren v. Fayette County Board Education, 455 F.2d 199 (6th Cir.), cert. denied, 407 U.S. 934, 92 S.Ct. 2461, 32 L.Ed.2d 817 (1972); United States v. Beaty, 288 F.2d 653 (6th Cir. 1961).
 
 
 10
 The plaintiff and her husband are longtime civil rights activists. (Among other activities, Floyd Franklin engaged in pressuring defendant Troxel Manufacturing Co. to hire blacks.) Troxel had moved to Moscow, Tennessee, in Fayette County from Ohio in 1961. The record makes clear that prior to Title VII Troxel did not hire blacks as production workers either in Ohio or Tennessee. In 1965 plaintiff filed an application for employment with defendant. Neither she nor any other blacks in the county had ever been employed in manufacturing production work. Troxel was in fact the first manufacturing company ever to locate in the county. On July 21, 1965 (after the effective date of Title VII) appellant was refused employment and subsequently on inquiry was refused any reason as to why she was not employed.
 
 
 11
 Defendant's testimony at the trial of this case before the District Judge indicated that defendant's personnel manager, after receiving plaintiff's application, called a white mail carrier upon whom they had been relying for character references and asked him about Mrs. Franklin. The mail carrier said he didn't know her but also said that her father-in-law had said Mrs. Franklin didn't agree with him (the father-in-law) about hardly anything and didn't get along with people too well. The mail carrier suggested the personnel manager call the father-in-law. This, however, was not done and plaintiff was not hired. Subsequently Troxel did hire numerous black employees, including some of appellant's female relatives.
 
 
 12
 After a careful review of the facts provided by this record, we believe that as of July 21, 1965, appellant established a prima facie case of discriminatory refusal to hire under the standard just quoted from McDonnell Douglas, supra, (Step I). The District Judge's opinion (refusing relief on the rationale of Troxel's stated reason for refusing to hire) was not, of course, written in the light of the standards subsequently laid down in McDonnell Douglas, supra-- particularly Step II and Step III, as outlined above.
 
 
 13
 We therefore vacate the judgment and remand the case for reconsideration in the light of McDonnell Douglas, supra, and such further proceedings as the District Court may think necessary to give adequate consideration to the provisions of Steps II and III therein.